UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RAMON GOMEZ,                                                    :
                                                               :
                              Plaintiff,                        :
                                                               :        REPORT &
         -against-                                             :        RECOMMENDATION
                                                               :        16-CV-6907 (ENV) (SMG)
LAND APPLICANCE SERVICES INC.,                                 :
ALBA GORDON, and JAY GORDON,                                   :
                                                               :
                              Defendants.                       :
-----------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

         Plaintiff brings this action against his former employer and its owners under the Fair

Labor Standards Act.  The parties have reached a settlement and submitted a letter motion

seeking its approval by the Court as required by *Cheeks v. Freeport Pancake House, Inc.*, 796

F.3d 199 (2d Cir. 2015).  Docket Entry 30.

         I have reviewed the settlement agreement and presented to the Court by the parties for

review (the "Agreement").  Docket Entry 30-1.  I have also reviewed the letter dated February 5,

2018 submitted by plaintiff in support of approval of the settlement (Letter in Supp.").  Docket

Entry 30.  Finally, on February 8, 2018, I conducted a telephone conference with counsel during

which I reviewed the Agreement with them.

         Having performed the review described above, I find that the current version of "the

agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

statutory rights brought about by an employer's overreaching."  *Le v. SITA Information

Networking Computing, USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal

quotation marks and citation omitted); *see also Cheeks*, 796 F.3d at 199.

In reaching this conclusion, I have considered, among other things, that the settlement is for an amount greater than the wages plaintiff claims are due him. Plaintiff's letter reports that the settlement amount "represents approximately 64% of Plaintiffs' best-case scenario damages." Letter in Supp. at 3. During the conference held on October 8, 2018, counsel clarified that plaintiffs' "best case scenario damages" calculation included liquidated damages under the FLSA. Thus, 64% of the total "best case scenario" would be more than the actual wages due and owing. Counsel also represented that defendants maintained time records indicating that plaintiff did not work as many hours as he claimed. For this reason, the settlement amount is reasonable. I also note that the attorney's fees portion of the settlement is for a relatively modest amount equal to no more than one third of the total amount of the settlement, *see* Letter in Supp. at 3; that the release provided for in the agreement is limited in scope, *see* Agreement Section 1; and that the Agreement does not impose a duty of confidentiality.

Accordingly, I respectfully recommend that the agreement submitted on February 5, 2018 as Docket Entry 30-1 be approved, and that the case be closed. Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before March 9, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

_____/s/_____<br>
Steven M. Gold<br>
United States Magistrate Judge

Brooklyn, New York<br>
February 23, 2018

*U:\Gomez  16-6907.docx*

2